**ST. LOUIS COUNTY, Missouri, Plaintiff/Respondent,**

v.

**B.A.P., INCORPORATED, Defendant/Appellant.**

**No. ED 78120.**

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 23, 2001.

Murry A. Marks, Jonathan D. Marks, St. Louis, for appellant.

Patricia Redington, Robert E. Fox, Jr., Clayton, for respondent.

CRANDALL, Judge.

Defendant, B.A.P., Incorporated, appeals from the judgment of conviction, entered pursuant to jury verdicts, of two counts of promoting obscene materials for monetary consideration in violation of a St. Louis County ordinance, section 706.070. The court assessed a fine of $1,000.00 for each count. We affirm.

Viewed in the light most favorable to the verdicts, the evidence established that defendant owned and operated a business located at 11730 West Florissant in unincorporated St. Louis County and known as California Erotic Novelties (hereinafter store). On April 10, 1998, a detective with the St. Louis County Police Department (hereinafter police department) entered the store. He looked through several racks of videos, whose covers showed persons engaged in various sexual acts. He purchased one video from the store clerk. On April 14, 1998, a second detective with the police department entered the store and rented one video, whose cover depicted persons performing various sexual acts. On April 15, 1998, a third detective with the police department entered the store and looked through the racks of videos, whose covers contained pictures of persons engaged in various sexual acts. He purchased two videos, which formed the bases of the charges against defendant.

---

The jury returned verdicts, finding defendant guilty on two counts of promoting obscene material in violation of section 706.070 of the St. Louis County Revised Ordinances (1974) and assessed a fine of $1,000.00 for each count. The trial court entered judgment in accordance with the verdicts. Defendant appeals.

In its first point on appeal, defendant contends the trial court erred when it ruled that defendant could not introduce evidence that videos comparable to those purchased in defendant's store were available for purchase in the community. The court rejected defendant's offer of proof that a private investigator would testify that he purchased seven videos, which were similar in nature to the videos sold by defendant, from five other adult stores located in St. Louis County and found in the Yellow Pages. Defendant argues such evidence was admissible under section 573.050.1(3), RSMo (1994), because the ability to purchase the videos in St. Louis County demonstrated the "degree of public acceptance ... in the local community" of videos of that nature. The trial court refused the introduction of the evidence based on State v. Cooley, 766 S.W.2d 133 (Mo.App. S.D.1989).

In Cooley, the appellate court construed section 573.050, which addresses the admissibility of evidence in obscenity and child pornography cases. State v. Cooley, 766 S.W.2d at 133 (Mo.App. S.D.1989). That statute provides in relevant part:

1. In any prosecution under this chapter evidence shall be admissible to show:

(1) What the predominant appeal of the material or performance would be for ordinary adults or minors;

(2) The literary, artistic, political or scientific value of the material or performance;

(3) The degree of public acceptance in this state and in the local community;

(4) The appeal to prurient interest in advertising or other promotion of the material or performance;

(5) The purpose of the author, creator, promoter, furnisher or publisher of the material or performance.

2. Testimony of the author, creator, promoter, furnisher, publisher, or expert testimony, relating to factors entering into the determination of the issues of obscenity or child pornography, shall be admissible.

Section 573.050.1 and .2, RSMo (1994).

In Cooley, 766 S.W.2d at 134, the defendant was convicted of promoting pornography in the second degree. The trial court rejected the defendant's offer of proof, which was similar to the offer of proof in the instant action, that a private investigator would have testified that he " 'went to five different establishments in Jasper County and in each establishment he purchased a magazine or a video with pictures or a content of a sexual-type nature, that he found each on public display, that these were offered at convenience-type stores, other unspecialized outlets.' " Id. at 137. The appellate court stated that section 573.050 did not cause all evidence or testimony offered in the guise of pertaining to the factors listed therein to be admissible:

Such testimony, whether from a lay or expert witness, must conform to the usual standards to establish admissibility of evidence. The same is true of evidence in the form of exhibits. Those standards include the competency of the witness, the proper foundation for the opinion of an expert, and the relevance or probative value of tendered evidence.

Id. at 139 (citation omitted). The court concluded that the trial court properly rejected the offer of proof, because the offer of proof did not establish that the materials were in fact comparable; and even assuming that the materials purchased by the private investigator were identical, "their availability at five locations would establish nothing." Id. at 139. " '[T]he

availability of similar materials on the newsstands of the community does not automatically make them admissible as tending to prove the nonobscenity of the materials which the defendant is charged with circulating.'" *Id.* at 139 (quoting *Hamling v. United States*, 418 U.S. 87, 125, 94 S.Ct. 2887, 2912, 41 L.Ed.2d 590, 625 (1974)). "'Evidence of mere availability of similar materials by itself is not sufficiently probative of community standards to be admissible in the absence of proof that the material enjoys a reasonable degree of community acceptance.'" *Cooley*, 766 S.W.2d at 139 (quoting *United States v. Manarite*, 448 F.2d 583, 593 (2nd Cir.1971), cert. denied, 404 U.S. 947, 92 S.Ct. 298, 30 L.Ed.2d 264 (1971)). That similar videos are for sale and may be purchased "'does not make them witnesses of virtue.'" *Cooley*, 766 S.W.2d at 139 (quoting *Hamling*, 418 U.S. at 126, 94 S.Ct. at 2912, 41 L.Ed.2d at 625).

Defendant relies on *State v. Short*, 368 So.2d 1078 (La.1979), for the proposition that the court in the instant action improperly relied on *Cooley*. We do not, however, read the *Short* decision as antithetical to the holding in *Cooley*. In *Short*, the defendant was convicted of three counts of obscenity for selling three magazines containing sexually explicit photographs. *Id.* at 1079–1080. At trial, the defendant's son testified that other stores in the parish sold magazines that were "a lot worse" than those sold by the defendant; and he identified two "comparable" magazines as having been purchased by him from a store near the defendant's. *Id.* at 1080. The trial court, however, refused to admit not only the defendant's son's testimony regarding the contemporary community standards but also the magazines purchased at the neighboring store. *Id.* The supreme court of Louisiana affirmed, finding that the trial court's exclusion of the evidence was not reversible error. *Id.* at 1082. The supreme court reasoned, "Only a showing that the community accepts or tolerates the material not Merely [sic] a showing that such material is sold, or that

it has not thus far been prosecuted would be material evidence of contemporary community standards of obscenity." *Id.* The supreme court noted that "defense counsel made no attempt to show any indicia of community acceptance other than the availability of explicit materials in other stores ... questions concerning availability were offered for their own sake, and not as part of a larger pattern showing acceptance." *Id.* at 1082–1083. Similarly, in the case before us, defendant's offer of proof did not indicate that it intended to present evidence of the community standards, but merely that it intended to present evidence that it was possible to purchase comparable videos in the community. Thus, the holding in *Short* does not mandate the admission of evidence relating to the purchase of the videos in the instant action.

The trial court did not err in refusing to allow defendant to introduce evidence that videos comparable to those purchased in defendant's store were available for purchase in the community. Defendant's first point is denied.

Defendant raises three other points on appeal, challenging the inconsistency of the verdict forms (Point II), the admission of three previous informations regarding other counts of promoting obscenity (Point III), and the submission of an instruction as to community standards (Point IV). We have reviewed all these points on appeal and find that no jurisprudential purpose would be served by a written opinion. Defendant's remaining points are denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.

AHRENS, P.J., and JAMES R. DOWD, J., concur.